IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPAGNIE DES BAUXITES DE GUINEE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    2:04cv393<br>)    Electronic Filing |
| THREE RIVERS INSURANCE COMPANY and UNION GUINEENNE D'ASSURANCES, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF COURT

Presently before the court are (1) plaintiff's motion to exclude expert testimony by Phillip Staples and John Shires ("Staples and Shires") or compel their depositions and (2) defendants' omnibus motion *in limine* to limit witness testimony based upon late disclosure. Each of these motions seeks to preclude the other party from offering expert testimony under Federal Rule of Evidence 702, 703 or 705 on the ground that the individuals in question were not timely identified as expert witnesses and the prerequisites for compliance with Federal Rule of Civil Procedure 26(a)(2) have not been satisfied. For the reasons set forth below, plaintiff's motion to exclude the testimony of Staples and Shires will be granted unless defendants elect to permit plaintiffs to examine those individuals as designated experts. Defendants' omnibus motion will be resolved in a like manner after defendants make their election in compliance with the court's order.[1]

---

[1] In the event defendants elect to comply with the prerequisites of Rule 26(a)(2) and proffer Staples and Shires as Rule 702 experts, additional time will be needed to complete those depositions as well as the additional depositions that will be permitted pursuant to defendants' omnibus motion. Such undertakings will, by necessity, require a brief postponement of the upcoming trial date. Nevertheless, the court believes that the tenor of the law requires as much under the circumstances.

Staples and Shires were two consultants/adjusters hired by defendants' independent insurance adjuster to investigate the industrial accident underlying the parties' dispute. Shires was hired to investigate the accident and determine possible causes for it. Staples was hired to investigate the extent of the resulting damages. Each traveled to Guinee in the summer of 2001 to conduct on site investigations and surveys, which ultimately culminated in reports issued on August 3, 2001, and September 17, 2001. Staples and Shires were identified by defendants as fact witnesses and plaintiff took their respective depositions in February 2005 in Johannesburg, South Africa. During the course of the depositions defendants' counsel indicated in response to questions from plaintiff's counsel that defendants intended to offer Staples and Shires as individuals who may present expert testimony at the time of trial.[2] Defendants formally identified Staples and Shires as testifying experts in their May 3, 2006, pretrial narrative statement and have thereafter refused to produce them for deposition as experts. Defendants also have not produced any Rule 26(a)(2)(B) written report of their proposed testimony. In August and September of 2006 counsel attempted to reach a compromise with regard to the designation of Staples and Shires as experts but were unable to do so. The instant motions followed.

Plaintiff contends it has been prejudiced by the inability to examine Staples and Shires as experts after a formal Rule 26(a)(2)(B) report has been proffered and it has had the benefit of consultation with its own experts. It further posits that this court will be unable to conduct the necessary gate-keeping functions for admission of expert testimony under <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993), and its progeny. Because defendants' refusal to produce Staples and Shires for expert depositions purportedly is at the very least unjustified, plaintiff requests defendants be precluded from offering into evidence any expert testimony by these individuals, or, in the alternative, they be compelled to produce the witnesses in Pittsburgh, Pennsylvania, for expert depositions at defendants' expense.

---

[2] Defendants failed to identify Staples and Shires as expert witnesses in their September 1, 2004, answer to plaintiff's interrogatory seeking specific disclosure of all such experts or by supplement thereafter.

Defendants maintain that plaintiff essentially seeks to re-depose Staples and Shires and its request to do so is invalid because it has failed to obtain leave of court. And any such implicit requests to do so should be denied because plaintiff had ample opportunity to discover all pertinent information at Staples and Shire's depositions as fact witnesses. The only ground for further examination purportedly identified by plaintiff's counsel has been Staples and Shires' qualifications as experts, which assertedly was sufficiently developed at their initial depositions. Finally, defendants contend they timely made their Rule 26(a) disclosures and no Federal Rule of Civil Procedure authorizes this court to grant the relief plaintiff seeks.

Initially, the court notes that the parties' understanding/contention that each side was not required to identify individuals who would offer expert testimony at trial until each party's pre-trial statement was filed is erroneous/misplaced. Section A(1) of this court's case management order of May 20, 2004, unequivocally made clear that "all fact and expert discovery" was to be completed by the discovery cutoff date. Document No. 15. This member of the court's practices and procedures posted on the court's website likewise indicate that it is this member of the court's standard practice to require all fact and expert discovery to be completed by the end of the discovery time allotted and prior to the filing of either party's pretrial narrative statement. Obviously, to comply with the court's order the disclosure of individuals who will proffer expert testimony at trial as well as all appropriate expert reports must be done in a cooperative and professional manner well before the close of discovery. The civil and orderly progression of complex litigation requires at a minimum such timely disclosures. Gamesmanship and tactical maneuvering have no place in such litigation and will not be countenanced. At the very least, each of the parties failed to comply with this aspect of the court's case management order.

Moreover, plaintiff has been sufficiently prejudiced by defendants' refusal to comply with the requirements for proffering Staples and Shires as experts at trial. The very structure of "Rules 26(a) and (b) recognize that being forced to cross-examine an opposing expert without the benefit of a meaningful opportunity to depose him puts a party at substantial disadvantage."

3

Brooks v. Price, 121 Fed. Appx. 961, 965 (3d Cir. 2005) (Stapleton, J.) "Rule 26(a) specifies the information necessary to make an opportunity meaningful" and Rule 26(b)(4)(a) provides a party with the right to depose any person who has been identified as an expert after the requirements of Rule 26(a) have been satisfied. Id.

Federal Rule of Civil Procedure 37(c)(1) establishes the sanction of exclusion for failure to comply with Rule 26(a)'s requirements unless the offending party provides substantial justification for its delay or demonstrates the delay was harmless. Id. (citing Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995)). The mandate of Rule 37 "is designed to provide strong inducement of disclosure of Rule 26(a) material." Id. (quoting Newman, 60 F.3d at 156).

Plaintiff has been denied the benefit of a meaningful opportunity to depose Staples and Shires as experts, which in itself creates "a substantial disadvantage." Id. It also jeopardizes this court's ability to conduct its proper gate-keeping functions under Daubert and it's progeny. The disadvantage and potential prejudice is further exacerbated by the confusion created from defendants' indication that Staples and Shires' expert testimony will be limited to their 2001 reports, which have previously been disclosed, and defendants' representation that it will offer expert testimony from them under Rules 702, 703 or 705. To the extent their testimony is limited to the investigations conducted in 2001 and the reports resulting therefrom, Staples and Shires are fact witnesses and their testimony is admissible to the extent the court determines such testimony to be relevant to the ultimate issues to be resolved at trial. Based on the current record it can only be assumed that defendants seek to extrapolate from those undertakings and reports Rule 702 opinion evidence which they believe will be admissible on those ultimate issues.

Furthermore, defendants' contention that no advanced disclosure or "expert report" pursuant to Rule 26(a)(2)(B) were necessary because Staples and Shires were not "retained or specially employed to provide expert testimony in the case" is unavailing. To the extent defendants seek solely to introduce their prior reports and have Staples and Shires testify to

historical facts and occurrences, such information is subject to disclosure through the routine discovery processes applicable to ordinary witnesses. See Advisory Committee Note to 1970 Amendment of Fed. R. Civ. P. 26(b)(4). The distinction drawn in Rule 26 is between those experts retained by a party who will testify and those who will not. The different treatment and disclosure requirements for lay and expert witnesses does not turn on the specific scope of the undertaking initiated at the time the party forms a relationship with a witness, but instead on whether the witness will provide expert testimony for the party at trial that is beyond historical observation as an "actor" or "viewer." See e.g. Quarantillo v. Consolidated Rail Corp., 106 F.R.D. 435 (D.C. N.Y. 1985); Keith v. Van Dorn Plastic Machinery Co., 86 F.R.D. 458, 460 (E.D. Pa. 1980).[3]

    Defendants' designation of Staples and Shires as experts who would proffer trial testimony pursuant to Rules 702, 703 or 705 jettisoned them beyond the designation of actors or viewers who should be treated as ordinary witnesses and placed them within the category of experts who potentially will offer opinion testimony at trial. Once defendants designated them as expert witnesses under Rule 26(a)(2)(A), they are subject to being deposed as experts notwithstanding their prior depositions as fact witnesses. See Indemnity Ins. Co. of North America v. American Eurocopter, LLC., 227 F.R.D. 421, 425 (M.D. N.C. 2005) ("once a party identifies a potential witness as an expert under Rule 26(a)(2)(A), that witness is subject to being deposed as an expert[,]" and this is so even where the witness previously has been deposed as a fact witness); Musser v. Gentieva Health Services, 356 F.3d 751, 757-58 (7th Cir. 2004) ("formal disclosure of experts is not pointless[;]" a party not receiving timely disclosure of experts is prejudiced by the inability to pursue countermeasures that are not applicable to fact witnesses, such as seeking to develop grounds for disqualification under Daubert, retaining rebuttal experts, conducting additional depositions to retrieve information unavailable due to the absence of an

---

[3]In any event, defendants' asserted right to control access to Staples and Shires for the purpose of examination satisfies any need to show they have been "retained" by defendants.

expert report, and so forth).

Whether defendants will be required to proffer a Rule 26(a)(2)(B) report cannot be definitively answered on the current record.  However, defendants should not labor under the assumption that they will be able to avoid the requirements of Rule 26(a)(2)(B) simply by indicating that Staples and Shires are expert witnesses who will derive their opinion testimony based on their prior 2001 investigations and reports.

In ascertaining whether a Rule 26(a)(2)(B) report is required, the rule "focuses not on the status of the witness, but rather the substance of the testimony." Leathers v. Pfizer, Inc., 233 F.R.D. 687, 696-97 (N.D. Ga. 2006).  To the extent Staples and Shires' proffered testimony is limited exclusively to their 2001 investigations and reports, and their testimony therefrom is based on specialized knowledge and experience, defendants will be required to establish a proper basis and foundation under Rule 702.  See Indemnity Ins. Co. of North America, 227 F.R.D. 423-24 (where a participant or fact witness testifies about his or her participation in the underlying events which by its nature involved scientific, technical or other specialized knowledge, the witness is testifying as an expert witness).  But where those expert opinions concern matters beyond the witness's necessary participation in the underlying events, the opinions become subject to the report requirements of Rule 26(a)(2)(B).  In other words, "anytime a witness attempts to offer an opinion outside the scope of Fed. R. Evid. 701, that person will be offering expert testimony subject to the requirements of Fed. R. Evid. 702, which may trigger the reporting requirements under Fed. R. Civ. P. 26(a)(2)(A).  If the witness has not provided a Rule 26(a)(2)(B) report, the court will only allow an individual to give an expert opinion under Fed. R. Evid. 702 if that individual has a connection with the case by being a participant in the events." Id. (collecting cases in support).  And such testimony necessarily will be limited to the witness' personal role in the historical events.  Conversely, any testimony beyond Staples and Shires' knowledge as historical actors and viewers will be subject to defendants' compliance with the report requirements of Rule 26(a)(2)(B), which of course must be satisfied prior to their

depositions as expert witnesses.

The court finds that precluding Staples and Shires from testifying as Rule 702 experts is not necessarily mandated at this juncture and it will therefore permit defendants to make an election on how to proceed. The 1993 amendments to the Federal Rules of Civil Procedure incorporated an "automatic" preclusion for failure, "without substantial justification," to disclose information required by Rule 26. See Fed. R. Civ. P. 37(c). This provision was designed to strengthen the incentive to be forthcoming in the disclosures mandated by Rule 26 by penalizing those who fail to comply with the requirements. See Bonin v. Chadron Community Hospital, 163 F.R.D. 565, 569 (D. Neb. 1995); David v. Caterpillar, Inc., 324 F.3d 851, 856-57 (7th Cir. 2003) ("to insure compliance with [the automatic disclosure requirements and duty to supplement discovery responses of Rule 26], Rule 37 provides that 'a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed."). But while "Rule 37 is written in mandatory terms, and is designed to provide a strong inducement for disclosure of Rule 26(a) material[,] ... the Rule does not leave district courts without discretion." Newman, 60 F.3d at 156 (citations and additional quotation marks omitted). Factors commonly considered in the exercise of that discretion include (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure that prejudice; (3) the likelihood of disruption, and (4) the degree of bad faith or willfulness involved in the offending party's violation. Newman, 60 F.3d at 156 (citing Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995)); In re Mercedes-Benz Anti-Trust Litig., 225 F.R.D. 498, 506 (D. N.J. 2005); David, 324 F.3d at 857.

Moreover, the United States Court of Appeals for the Third Circuit has emphasized on a number of occasions that exclusion of evidence under Rule 37(c)(1) is a severe sanction that should not be imposed unless the failure to disclose or supplement is in bad faith or the resulting prejudice cannot be cured. See In re TMI Litig., 193 F.3d 613, 721-22 (3d Cir. 1999); In re Paoli

R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994), cert. denied, 513 U.S. 190 (1995; Meyers v. Pennypack Woods Home Ownership Ass'n., 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens, 777 F.2d 113 3d Cir. 1985), aff'd, 482 U.S. 656 (1987).

The record does not warrant the extreme sanction of exclusion at this juncture. First, while defendants' late disclosure of Staples and Shires as Rule 702 witnesses and refusal to permit their re-depositions as experts is without justification and not harmless, defendants' actions do not appear to be the product of bad faith or malicious willfulness. Second, any prejudice can be cured by requiring defendants to pay for Staples and Shires' travel to Pittsburgh, Pennsylvania, for deposition and permitting a modest delay in the commencement of trial. While this will briefly disrupt the parties' intense pretrial preparation of late, proceeding in this manner will alleviate any prejudice or surprise to plaintiff with regard to the late designation of Staples and Shires as experts and the scope and substance of their expert testimony. Furthermore, proceeding in such a manner will permit the court in turn to evaluate appropriately defendants' omnibus motion to strike the witnesses plaintiff designated as experts in response to defendants' post-discovery formal designation of Staples and Shires as Rule 702 experts.

In light of the above, the following order is appropriate.

### ORDER OF COURT

AND NOW, this 1st day of February, 2007, for the reasons set forth above, IT IS ORDERED that defendants shall elect on or before February 9, 2007, to either (1) amend their pretrial statement to exclude Staples and Shires as designated expert witnesses or (2) permit the depositions of Staples and Shires to occur at an appropriate location in Pittsburgh, Pennsylvania, on or before March 16, 2007. Plaintiffs shall not be responsible for the costs of Staples and Shires traveling to Pittsburgh, Pennsylvania, for the purposes of submitting to deposition as

experts. In the event their proposed testimony falls within the ambit of Rule 26(a)(B)(2), defendants shall serve a written report in compliance with Rule 26(a)(2)(B) at least ten (10) calendar days prior to the depositions. Defendants shall file a notice reflecting their election in compliance with this order on or before February 9, 2007. In the event defendants elect to maintain Staples and Shires as Rule 702 experts and produce them for deposition, the court will continue trial and select a new trial date after consultation with counsel.

_David Stewart Cercone_
United States District Judge

cc:     Robert W. Doty, Esquire
        Andrew M. Roman, Esquire
        Larry K. Elliott, Esquire
        David F. Russey, Esquire
        Cohen & Grigsby, P.C.
        11 Stanwix Street, 15th Floor
        Pittsburgh, PA 15222

        Paul K. Geer, Esquire
        Tara L. Maczuzak, Esquire
        DiBella, Geer, McAllister & Best
        312 Boulevard of the Allies
        3rd Floor
        Pittsburgh, PA 15222

        Thomas S. Gozdziak, Esquire
        James M. Hoey, Esquire
        Claussen Miller, P.C.
        10 South LaSalle Street
        Chicago, IL 60603-1098